UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| NICHOLAS L. VASSENELLI, | **AMENDED AND SUPPLEMENTAL COMPLAINT** |
| Plaintiff, | |
| -against- | Civil Action No.  5:10-CV-1422 |
| | JURY TRIAL DEMANDED |
| THE CITY OF SYRACUSE, STEPHANIE A. MINER, in her individual and official capacity as Mayor of The City of Syracuse; FRANK L. FOWLER, in his individual and official capacity as Chief of Police for The City of Syracuse; JUDY CULETON, in her individual and official capacity as Director of the Human Resources Division of the Syracuse Police Department; JANE DOE(S), and JOHN DOE(S); MATTHEW DRISCOLL, in his individual capacity as former Mayor of The City of Syracuse; GARY MIGUEL, in his individual capacity as former Chief of Police for The City of Syracuse; SERGEANT RICHARD PERRIN, in his individual and official capacity;  POMCO Group a/k/a POMCO, Inc., individually and as an agent for The City of Syracuse; SHARON MILLER, in her individual and official capacity and as agent of the City of Syracuse, and SHARON ERIKSSON, in her individual and official capacity and as agent of the City of Syracuse DAVID BARRETTE, in his individual and official capacity, | |
| Defendants. | |

_____

The Plaintiff, Nicholas L. Vassenelli, as and for his Complaint against the Defendants, The City of Syracuse, Stephanie A. Miner, Frank L. Fowler, Judy Culeton, Matthew Driscoll and Gary Miguel, Richard Perrin, POMCO Group a/k/a POMCO, Inc., Sharon Miller, and Sharon Eriksson, David Barrette, and John and Jane Does alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action under the Constitution and laws of the United States and is brought

pursuant to 42 U.S.C. § 1983; The Americans With Disabilities Act and the Rehabilitation Act. This action is also brought pursuant to State Law and the New York Constitution and common law.

2. Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. The Plaintiff Nicholas L. Vassenelli is a permanently disabled, retired police officer for the City of Syracuse. He is partially paralyzed and wheelchair and walker bound.

6. The Defendants, Frank Fowler, Stephanie Miner, Judy Culeton, Richard Perrin, David Barrette, John and Jane Does, Matthew Driscoll, Gary Miguel, POMCO Group a/k/a POMCO, Inc., and Sharon Miller, and Sharon Eriksson are or were agents and employees of The City of Syracuse charged with upholding the law and insuring that City Police Officers injured in the line of duty are provided all medical care and treatment as required under the law and contracts with the Syracuse Police Department.

7. POMCO Group a/k/a POMCO, Inc., and Sharon Miller and Sharon Eriksson are the agents of or were acting in concert with Defendant City of Syracuse and/or agents and/or employees of the City of Syracuse.

8. The Defendant, The City of Syracuse is a municipal corporation organized and existing under the laws of the State of New York. At all times hereinafter mentioned, The City of Syracuse and the individual Defendants acted under the color of New York State law. Upon information and

belief, The City of Syracuse is self-insured and elected not to participate in the Workers' Compensation program.

9. The Defendant POMCO Group a/k/a POMCO, Inc. [hereinafter POMCO] is a domestic business corporation organized and existing under the laws of the State of New York. At all times hereinafter mentioned, POMCO Group a/k/a POMCO, Inc., the individual Defendants and the municipal Defendant acted under color of New York State law. POMCO Group a/k/a POMCO, Inc. is an agent of the Defendant the City of Syracuse.

## FACTS

10. The Plaintiff Nicholas L. Vassenelli was injured in the performance of his police officer duties and became partially paralyzed, totally and permanently disabled, and as such continues to require constant medical treatment, care, services and prescriptions.  He maintains a vested property interest in the payment of all costs associated with such treatment, care and prescriptions pursuant to New York General Municipal Law § 207-c ("§ 207-c") and pursuant to past practices.

11. Without warning, notice or opportunity to be heard, the Defendant The City of Syracuse terminated, restricted, and/or modified Plaintiff's medical care, treatment and prescriptions and continues to terminate, reduce, restrict and/or modify such care, services, treatment and prescriptions on an almost daily basis.

12. Plaintiff was deprived of medical care, treatment, services and prescriptions even though he provided evidence of continued necessity from his medical providers and payment for such treatment, care, services, and prescriptions was regularly made by the Defendant The City of Syracuse in the past.  Upon information and belief, the decision to suspend, terminate, restrict and/or modify Plaintiff's medical care, treatment, services, and prescriptions was made initially by

Defendant, then Chief of Police Gary Miguel and continued under current Chief of Police Frank Fowler.

13. Therein September, 2009, The City of Syracuse adopted an unlawful and new policy reducing medical benefits, purporting to adopt rates consistent with New York Workers' Compensation Law. Upon information and belief, The City of Syracuse is self-insured and elected not to participate in Workers' Compensation. Defendants further unlawfully demanded that Plaintiff's service providers need their consent, not required under § 207-c. Upon information and belief, Defendants Matthew Driscoll, Gary Miguel and John and Jane Does conspired to terminate or reduce § 207-c medical benefits for retired, disabled Police Officers. Thereafter, the Defendants adopted the aforementioned policy of paying reduced payments purportedly to be consistent with New York State Workers' Compensation rates and sending retired disabled Police Officers for evaluations and thereafter suspending and terminating their medical benefits. These policies have continued under Defendant Miner and current Chief of Police Fowler. Furthermore, upon information and belief, the Defendants' periodic reliance on and application of New York State Workers' Compensation Law and/or rates is inconsistent with New York State Worker's Compensation rules and benefits and thus unlawful in any event.

14. The limited payments for medical treatment and services adopted by Defendants are nominal and medical service providers do not accept such nominal amounts to perform their services, forcing Plaintiff and other retired, disabled Syracuse Police Officers to finance or go without their medical treatment. Additionally, because The City of Syracuse will suddenly refuse payment for services other than those rendered by medical professionals, it has made it virtually impossible for the Plaintiff to receive the medical treatment he had been receiving and to which he

is entitled.

15. By committing such actions the Defendants have interfered with the Plaintiff's rights to be treated by the physicians of his choosing. Such interference has further deprived Plaintiff of his right of privacy to chose his treatment, care, providers, and prescriptions. Defendants have superseded Plaintiff's choices as to his own medical care, treatment, services and prescriptions and have instead substituted their judgment and directives as to Plaintiff's treatment and care, when the Plaintiff will receive such treatment, what such treatment shall consist of, what prescription medication is necessary and/or what Plaintiff shall receive, and if and when Plaintiff can be transported to see such provider(s), receive such treatment(s), and/or have such medication(s), etc.

16. Defendants have denied and/or refused and/or reduced Plaintiff's medical care and treatment in an effort to force the Plaintiff out of his home and upon information and belief have made efforts and stated an intention or desire to institutionalize Plaintiff against his will. Defendants have, with the assistance of and acting in concert with Sharon Ericcson, Sharon Miller and POMCO, secretly sought a nursing home that will accept the Plaintiff, unlawfully disclosing personal identifying information about the Plaintiff as well as his diagnosis, medical treatment, therapy and care, without Plaintiff's consent and against Plaintiff's wishes.

17. As a direct result of the reduced, denied, and nominal payment rates, Plaintiff has been deprived of medically necessary medical treatments, therapy, services, and prescriptions, all benefits that were previously provided by The City of Syracuse as required under § 207-c on a continuing and regular basis.

18. Another injured Syracuse Police Officer (James Mullen) did previously file a Workers' Compensation claim against the Defendant, The City of Syracuse attempting to receive a benefit

thereunder for "scheduled loss of use" (lump sum compensation for loss) and that the Defendant City of Syracuse did oppose said claim on the basis that injured employees were not entitled to Workers' Compensation <u>because</u> they are covered under General Municipal Law § 207-c.

19. On May 24, 2002, the Legal Appeals Unit Workers' Compensation Panel issued a decision in favor of the Defendant The City of Syracuse holding that there is no entitlement to Workers' Compensation Benefits beyond those available to injured officers under General Municipal Law § 207-c.

20. Plaintiff received regular care and treatment related to his work-related injuries and such treatment was heretofor paid and provided by The City of Syracuse. Accordingly, Plaintiff maintains vested and protected property interests that cannot lawfully be deprived absent notice and an opportunity to be heard.

21. Upon information and belief, Defendants and/or its officers, agents or official bodies acting within the scope of their authority promised and/or affirmatively represented to Plaintiff through words and actions, when he became disabled pursuant to § 207 (c), that the City would pay for all of his medical treatment, services, and hospital care necessitated by reason of such injury or illness. In fact, Defendants and/or its officers, agents or official bodies did so for an extended period of time and did or continue to do so for certain injured or ill police officers while excluding others. These injured police officers, including the Plaintiff, were induced to rely thereon and continued to seek treatment from their treating providers, receive their treatment, services, and care, and obtain their prescriptions based upon the Defendants assertions. Defendants, without basis in law, began denying, modifying and/or revising its prior payments denying these officers, including Plaintiff, the previously promised benefits on which they previously relied.  For a prolonged period of time the

Defendants provided and paid for and Plaintiff relied upon said provision for Plaintiff's medical care and expenses including, but not limited to, doctors visits, transportation, medical treatment and care, services, assistive devices, structural living modifications, prescriptions and devices, and they are now estopped from denying said services to Plaintiff's detriment.

22. Defendants POMCO, Miller, and Ericcson individually and/or acting in concert with the other Defendants and/or acting as an agent of the remaining Defendants have deprived Plaintiff of property in that they have affirmatively denied the Plaintiff medical care, treatment, services, and prescriptions and/or recommended that the remaining Defendants deprive Plaintiff of such property, all without any process under law. Further, all of the Defendants have sought and obtained a benefit from such denials and rejections of medical care and services of the Plaintiff to Plaintiff's detriment.

23. Defendants POMCO, Miller, and Ericcson individually and/or acting in concert with the other Defendants and/or acting as an agent of the remaining Defendants have negligently and/or intentionally interfered with the Plaintiff's medical care, treatment, services, and prescriptions.

24. Defendants POMCO, Miller, and Ericcson have made medical decisions and/or determinations regarding Plaintiff's care, services, treatment and/or prescriptions resulting in Plaintiff's loss of treatment, care, services and/or prescriptions. Such actions have been independently made and/or adopted and/or accepted and/or encouraged by the remaining Defendants and have become part and parcel of the policies of the Defendant City.

25. Defendants City, Culeton, Perrin, and Barrett have made and/or continue to make medical decisions and/or determinations regarding Plaintiff's care, services treatment and/or prescriptions resulting in Plaintiff's loss of treatment, care, services and/or prescriptions. Such action has been adopted and/or accepted and/or encouraged by the remaining Defendants and have become

the policies of the Defendant City.

26. Defendants disregard, ignore, or interpret medical care and treatment instructions and prescriptions from Plaintiff's medical providers denying such treatment outright and/or substituting their non-medical and self-serving judgment for what the Plaintiff's doctor specifically ordered.

27. Defendants subject Plaintiff to illegal, unwarranted and/or unauthorized Independent Medical Examinations (IME) to which Defendants are not entitled, to seek basis to deprive Plaintiff of further medical care, treatment, services and/or prescriptions. On information and belief, said IME's are sought specifically to avoid duties and obligations to the Plaintiff pursuant to law and custom and contract.

28. Defendants disregard the nature of Plaintiff's injury and permanent disability and unlawfully deprive him of appropriate and necessary medical services and care or reduce such care and services to the point that it is rendered ineffectual or harmful.

29. The City of Syracuse has unlawfully implemented a policy of depriving disabled Police Officers of their vested property interests in continued payment of all medical expenses necessitated by reason of an on-duty injury by, *inter alia*,

(a) unilaterally and without notice or opportunity to be heard, defaulting on payment of medical expenses to medical providers;

(b) soliciting and receiving sham medical evaluations and reports so as to suspend, restrict, and/or deny needed medical treatment, services and care;

(c) unilaterally and without notice or opportunity to be heard, interfering with medical treatment and suspending and refusing to pay medical expenses for treatment, services and care deemed necessary by officers' treating medical providers and which were compensated in the past,

without providing a means to challenge such action;

(d) paying less than the full amounts billed for by medical providers in contravention of § 207-c;

(e) adopting a payment schedule based upon rates under the N.Y. Workers' Compensation law while not participating in such program; and

(f) seeking to deny or interfere with Plaintiff's privacy rights to medical self-determination.

30. Upon information and belief, each Defendant personally participated and worked in concert with each other in devising, adopting, and implementing the unlawful policies set forth herein.

31. Upon information and belief, final authority over the suspension or termination of § 207-c benefits for City of Syracuse Police Officers rests with the Chief of Police.

32. Additionally, upon information and belief, final authority over the adoption of policies and procedures relative to medical treatment and § 207-c benefits rests with the Mayor and/or Chief of Police.

33. Upon information and belief, all of the conduct complained of herein has been approved by, participated in, and/or adopted by all of the Defendants herein.

34. The City of Syracuse has no policy or procedure in place by which disabled Police Officers may challenge the suspension or termination of treatment and/or payment of medical expenses deemed necessary by their treating medical providers. This lack of policy deprives the Plaintiff of his property interest in that he is not afforded an opportunity to contest the deprivation, suspension, termination or restriction of benefits. Further, the City of Syracuse Defendants knew

or should have known that they may not lawfully involve themselves in control or treatment over Plaintiff's medical care and services as they are responsible for causing Plaintiff's injury and permanent disability.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

35. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 34 as if set forth fully herein.

36. Pursuant to § 207-c, the Plaintiff has a protected property interest in the payment of "all medical treatment and hospital care" attributable to his on-the-job injuries.

37. Plaintiff has been deprived of said property interest without due process of law inasmuch as the Defendant, The City of Syracuse has stopped and refused payment for medical treatment and care attributable to qualifying on-the-job injuries of the Plaintiff without warning, notice or opportunity to be heard.

38. As a result of the Defendants' unconstitutional actions, Plaintiff has been deprived of needed and necessary medical treatment, suffered needless pain and suffering, emotional injury and harm, incurred legal fees and costs, and sustained other damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

39. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 38 as if set forth fully herein.

40. The Defendant, The City of Syracuse's new policy of paying nominal amounts applicable to Workers' Compensation matters deprives the Plaintiff of his property interest in the payment of

"all medical treatment and hospital care" under § 207-c.

41. Plaintiff was not noticed nor given the opportunity to contest the Defendants' actions in this regard and such failure is a violation of his rights to due process under the law.

42. As a result of the Defendants' unconstitutional actions, Plaintiff has been deprived of needed and necessary medical treatment, suffered needless pain and suffering, emotional injury and harm, incurred legal fees and costs, and sustained other damages.

43. Plaintiff rights have been violated and Plaintiff is entitled to compensation therefor.

**AS AND FOR A THIRD CAUSE OF ACTION
PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES
CONSTITUTION AND 42 U.S.C. § 1983**

44. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 as if set forth fully herein.

45. Inflicting pain and suffering by denying and/or frustrating medical treatment for these loyal public servants who were injured in the line of duty and lawfully due benefits and medical treatment without affording them any process of any kind is outrageous and shocking and offends elementary notions of fair play and Constitutional rights.  Plaintiff has a constitutional right to receive medical care and make medical decisions without inference from Defendants.  The Defendants' actions are blatant violations of officers' rights provided under the Constitution and laws of the United States and State of New York.  Upon information and belief, such unlawfulness is sufficiently outrageous to warrant liability under the Fourteenth Amendment's substantive due process clause.

46. Plaintiff's substantive due process rights have been violated and he is entitled to

compensation therefor.

**AND FOR A FOURTH AND FIFTH CAUSE OF ACTION PURSUANT TO THE NINTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF NEW YORK**

47. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 46 as if set forth fully herein.

48. Plaintiff is entitled to the privacy right to chose his medical providers and receive care without dictation or interference by Defendants.  Interference with Plaintiff's medical treatment, providers, prescriptions and care; the denial and/or frustration of Plaintiff's medical treatment, providers, services, prescriptions and care to Defendants' benefit; and the denial and/or frustration of Plaintiff's choice of medical treatment, providers, services, prescriptions and care are blatant violations of Plaintiff's rights provided under the Ninth Amendment to the Constitution and laws of the United States and the laws and Constitution of the State of New York.  Upon information and belief, such unlawfulness is sufficient to warrant liability under the Ninth Amendment and the N.Y. Constitution.

49. Defendants' conduct constitutes an infringement upon Plaintiff's Ninth Amendment and state law  right of medical privacy of a patient to be treated by physicians and care providers of his own choice without government interference and/or oversight.

50.  Plaintiff's rights have been violated to Plaintiff's injury and he is entitled to compensation therefor.

**AND FOR A SIXTH CAUSE OF ACTION FOR EQUITABLE ESTOPPEL**

51. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 50 as if set forth fully herein.

52.   Defendants and/or their officers and/or their agents and/or official bodies acting within the scope of their authority made a promise and/or affirmative representation to disabled police officers, and more particularly Plaintiff, pursuant to § 207(c) that their medical providers, medical care, services, and treatment resulting from their injuries would be paid in full and the Plaintiff reasonably relied upon these promises and/or affirmative representations in seeking, obtaining and receiving treatment, care, services, and prescriptions and visiting with and/or contracting with their providers for such care and treatment.

53.   Defendants and/or their officers and/or their agents and/or official bodies acting within the scope of their authority paid these expenses and provided such care for a significantly prolonged period of time and are now estopped from denying, suspending, reducing and/or revising such payments at this late date as Plaintiff, and other injured police officers, reasonably relied on same.

54.   Plaintiff's rights have been violated and he has been injured thereby and is entitled to compensation therefor.

**AS AND FOR AN SEVENTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

55.   Plaintiff re-alleges paragraphs 1 through 54 with the same force and effect as if fully set forth herein.

56.   Plaintiff is a disabled retired police officer and on information and belief, entitled to certain contractual obligations of the Defendants providing in sum and substance that Plaintiff's rights to compensation and benefits will not be diminished or compromised.

57.   The Defendants have deprived Plaintiff of his contractual rights in breach of the contract.

58. The Defendants acted with malice and/or with reckless disregard for Plaintiff's rights, causing him injuries and damages entitling him to compensatory and punitive damages.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR NEGLIGENCE

59. Plaintiff re-alleges paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. Defendants herein owed Plaintiff a duty of care. Defendants' actions depriving Plaintiff of medical care, treatment, services, and prescriptions and/or Defendants omissions by ignoring Plaintiff's need for medical, treatment and prescriptions constitutes negligence.

61. As a direct result of Defendants' conduct the Plaintiff has and continues to sustain injury and damages and is entitled to compensation therefor.

### AS AND FOR AN NINTH CAUSE OF ACTION - CONSPIRACY - FOURTEENTH AMENDMENT - 42 U.S.C. § 1983

62. Plaintiff repeats each and every allegation in paragraphs designated 1 through 61 of this Complaint with the same force and effect as if set forth fully herein.

63. The actions of the Defendants were done as part of a conspiracy to deprive Plaintiff of his rights under the law and United States Constitution. The Defendants have and are also engaging in a conspiracy and/or acting in concert to *inter alia* deprive Plaintiff of his property and interfere with his medical treatment and seek to receive personal and mutual benefit therefor.

64. Defendants agree and seek each other to agree to *inter alia,* eavesdrop, contact his doctors, spy on him, smear his reputation, minimize his medical needs, and seek to misrepresent his cooperation with treatment providers in an effort to bolster their denial to Plaintiff services and

treatment, and to dictate services, care and treatment to gain financial benefit for eachother and themselves.

65. As a direct result of Defendants' conduct the Plaintiff has and continues to sustain injury and damages and is entitled to compensation therefor.

### AS AND FOR A TENTH CAUSE OF ACTION
### PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

66. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 65 as if set forth fully herein.

67. Pursuant to N.Y. Gen. Mun. Law § 207-a, The City of Syracuse is liable for payment of "all medical treatment and care" for disabled Fire Fighters with performance of duty injuries, including those who have retired.

68. Pursuant to N.Y. Gen. Mun. Law § 207-c, The City of Syracuse is liable for payment of "all medical treatment and care" for disabled Police Officers with performance of duty injuries, including those who have retired.

69. Upon information and belief, at all times relevant hereto, payments for medical care and treatment of retired disabled Fire Fighters of The City of Syracuse were not reduced or denied as they were for Plaintiff and retired disabled Police Officers of The City of Syracuse.

70. Upon information and belief, the policy mentioned above of denying or paying reduced payments purportedly to be consistent with New York State Workers' Compensation rates and sending retired disabled Police Officers for IME's and thereafter suspending, reducing, and terminating their medical care and treatment, was not implemented against retired disabled

Fire Fighters.

71. Upon information and belief, there was and is no rational basis to warrant the disparate treatment between retired disabled Fire Fighters of The City of Syracuse and the retired disabled Police Officers of The City of Syracuse.

72. Plaintiff's Equal Protection rights have been violated and his is entitled to compensation therefor.

### AS AND FOR AN ELEVENTH & TWELFTH CAUSE OF ACTION FOR NEGLIGENCE AND GROSS NEGLIGENCE

73. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 73 as if set forth fully herein.

74. On or about May 13, 2010, a verified Notice of Claim was served upon the Defendants.  At least thirty (30) days have elapsed since service of such notice and payment thereof has been refused.

75. Defendants owe a duty to Plaintiff to act with care and not subject Plaintiff to harm or risk thereof.

76. Defendants have and maintain a special relationship with Plaintiff that requires Defendants to act with care and not subject Plaintiff to harm or risk thereof.

77. Defendants have acted with gross and/or ordinary negligence and reckless disregard to Plaintiff's rights, needs, medical treatment and privacy by seeking gain at Plaintiff's detriment.

78. Defendants have substituted their judgment and subjected Plaintiff to denial of appropriate medical care, services, and treatment subjecting Plaintiff to injury and harm, denying necessary medical and remedial care for Plaintiff's injuries and disability caused by Defendant

City of Syracuse.

79. Plaintiff's common law rights have been violated and his is entitled to compensation therefor.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION PURSUANT TO THE ADA AND REHABILITATION ACT FOR RETALIATION

80. Defendants have threatened to discontinue Plaintiff's medical care and services and otherwise acted as set forth above subjecting Plaintiff to retaliation for complaining about Defendants' conduct and have intimidated, threatened and/or acted to cut-off, reduce, and/or terminate Plaintiff's medical care, treatment and services.

81. Plaintiff is disabled within the meaning of the ADA and the Rehabilitation Act and as such is entitled to receive services and benefits free of any retaliation or punitive action by the Defendants.

82. Defendants have sought to obtain personal benefit individually and/or for the other Defendants by seeking to intimidate and threaten the Plaintiff with a discontinuation or diminuation of services.

83. Plaintiff's has suffered injury thereby and his rights have been violated and he is entitled to compensation therefor.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION FOR RETALIATION

84. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 83 as if set forth fully herein.

85. Defendants have subjected Plaintiff to retaliation for complaining about Defendants' conduct by cutting off and/or termination and/or reducing Plaintiff's medical care, treatment and

services; and Defendants have further threatened and/or acted to cut-off and/or terminate Plaintiff's remaining medical care, treatment and services.

86. Plaintiff's speech concerning the Defendants' wrongful acts, both verbally and by filing legal process, including, but not limited to, a Notice of Claim, and the instant action is protected under the First Amendment to the United States Constitution and the New York Constitution.

87. Defendants' actions in retaliation for Plaintiff's speech is a violation of the Plaintiff's rights.

88. Plaintiff's rights have been violated and his is entitled to compensation therefor.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

(a) judgment awarding Plaintiff compensatory damages for each and every cause of action herein an amount not less than $40,000,000.00**;**

(b) granting injunctive relief restraining the Defendants from engaging in further violations of the Plaintiff's rights, including but not limited to, an Order precluding the City of Syracuse from further administering Plaintiff's heath plan, any involvement in Plaintiff's medical treatment or care; or subjecting Plaintiff to any further medical examinations;

(c) prejudgment interest on all amounts due;

(d) attorney's fees and costs of suit under 42 U.S.C. § 1988;

(e) declaratory relief that the Defendants have violated the Plaintiff's rights under the law;

(f) punitive damages; and

(g) granting such other and further relief as the Court may deem just and proper.

JURY DEMAND

Plaintiff demands a jury trial of all claims herein.

Dated: September 29, 2011				s/A.J. Bosman
								_____

								A.J. Bosman, Attorney at Law

								Office and Post Office Address:
								BOSMAN LAW FIRM, L.L.C.
								6599 Martin Street
								Rome, New York 13440
								Telephone: (315) 336-9130

								Attorneys for Plaintiff