MANDATE

13-3379-cv; 13-3382-cv
*Mullen et al.; Vassenelli v. City of Syracuse et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand fourteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

JAMES MULLEN and KARL SCHMIDT,

        *Plaintiffs-Appellants*,

            v.                                                                  No. 13-3379-cv

THE CITY OF SYRACUSE; STEPHANIE A. MINER, in her individual and official capacity as Mayor of the City of Syracuse; FRANK L. FOWLER, in his individual and official capacity as Chief of Police for the City of Syracuse; JUDY CULETON, in her individual and official capacity as Director of the Human Resources Division of the Syracuse Police Department; MATTHEW DRISCOLL, in his individual capacity as former Mayor of the City of Syracuse; GARY MIGUEL, in his individual capacity as former Chief of Police for the City of Syracuse; SERGEANT RICHARD PERRIN, in his individual and official capacity as an Officer with the Human Resources Division of the Syracuse Police Department; and POMCO GROUP a/k/a POMCO, INC., individually and as an agent for the City of Syracuse,

        *Defendants-Appellees.*

MANDATE ISSUED ON 12/03/2014

NICHOLAS L. VASSENELLI,

    *Plaintiff-Appellant*,

v.

THE CITY OF SYRACUSE; STEPHANIE A. MINER, in her individual and official capacity as Mayor of the City of Syracuse; FRANK L. FOWLER, in his individual and official capacity as Chief of Police for the City of Syracuse; JUDY CULETON, in her individual and official capacity as Director of the Human Resources Division of the Syracuse Police Department; MATTHEW DRISCOLL, in his individual capacity as former Mayor of the City of Syracuse; GARY MIGUEL, in his individual capacity as former Chief of Police for the City of Syracuse; SERGEANT RICHARD PERRIN, in his individual and official capacity as an Officer with the Human Resources Division of the Syracuse Police Department; POMCO GROUP a/k/a POMCO, Inc., individually and as an agent for the City of Syracuse; SHARON MILLER, in her individual and official capacity and as agent of the City of Syracuse; SHARON ERIKSSON, in her individual and official capacity and as agent of the City of Syracuse; and DAVID BARRETTE, in his individual and official capacity,

    *Defendants-Appellees.*[*]

No. 13-3382-cv

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | A.J. Bosman, Bosman Law Firm, LLC, Rome, NY. |
| **FOR DEFENDANTS-APPELLEES CITY OF SYRACUSE, STEPHANIE A. MINER, FRANK L. FOWLER, JUDY CULETON, MATTHEW DRISCOLL, GARY MIGUEL, SERGEANT RICHARD PERRIN, DAVID BARRETTE:** | Mary Louise Conrow, Coughlin & Gerhart, LLP, Binghamton, NY. |
| **FOR DEFENDANTS-APPELLEES POMCO, INC., SHARON MILLER:** | Robert A. Barrer, Hiscock & Barclay LLP, Syracuse, NY. |

---

[*] The Clerk of Court is directed to amend the caption to conform with the above.

2

**FOR DEFENDANT-APPELLEE SHARON ERIKSSON:**         James C. Brady, Law Offices of Brady & Carafa, Syracuse, NY.

Appeal from judgments dated August 5, 2013 and orders dated February 4, 2013, May 28, 2013, and November 6, 2013 of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments and orders of the District Court be **AFFIRMED**.

Plaintiffs-appellants, three disabled and retired Syracuse police officers, appeal from two District Court judgments, both dated August 5, 2013, granting defendants-appellees' motions for summary judgment and from the District Court's post-judgment orders of November 6, 2013 denying relief under Fed. R. Civ. P. 59(e) and 60(b).  Plaintiffs James Mullen and Karl Schmidt and plaintiff Nicholas Vassenelli had initiated two actions by complaints dated September 16, 2010 and November 24, 2010, respectively, against the City of Syracuse, Syracuse Police Department officials, private third-party benefits administrator POMCO Group, and other individual defendants.  Plaintiffs asserted numerous claims pursuant to 42 U.S.C. § 1983, *inter alia*, all arising out of a municipal policy change that allegedly affected plaintiffs' access to medical care and benefits guaranteed by New York state law.  Plaintiffs also challenge on appeal several District Court orders affirming discovery orders issued by Magistrate Judge David E. Peebles.  Because these two cases, which were argued in tandem, concern coincident issues, present substantively similar facts, and seek identical relief, we consolidate them for disposition.  We assume the parties' familiarity with the underlying facts and procedural history of the cases.

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted).  We must affirm a summary judgment order when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

On appeal, plaintiffs challenge the District Court's summary dismissal of their procedural and substantive due process claims.  It is axiomatic that "[t]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) (citing U.S. CONST. amendt. XIV; *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).  To establish a substantive due process claim, plaintiffs must further demonstrate that the deprivation "is so egregious, so outrageous, that it may fairly be said to

shock the contemporary conscience." *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)) (internal quotation marks omitted).

The District Court found that plaintiffs had failed to sufficiently establish actual deprivation of necessary medical care guaranteed under New York General Municipal Law § 207-c, and further failed to demonstrate "conscience-shocking behavior." *Mullen et al. v. City of Syracuse et al.*, No. 5:10-cv-1110 (DNH), Dkt. 157 at 14-17, 22 (N.D.N.Y. Aug. 5, 2013); *Vassenelli v. City of Syracuse et al.*, No. 5:10-cv-1422 (DNH), Dkt. 240 at 15-19, 27 (N.D.N.Y. Aug. 5, 2013). Upon an independent review of the record, we agree. In light of the failure to establish a genuine issue of material fact as to either procedural or substantive due process claims, summary judgment was properly granted.[1]

We review the denial of a motion brought pursuant to Rule 59(e) or Rule 60(b) for "abuse of discretion." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008); *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009); *see In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)). We apply the same "abuse of discretion" standard of review to a district court's discovery rulings, bearing in mind that a "district court has broad discretion to manage pre-trial discovery." *Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005). Where, as here, the district court has referred a non-dispositive matter to a magistrate judge for decision, the district court shall set aside the order only insofar as it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The District Court did not abuse its discretion in denying plaintiffs' post-judgment motions, which essentially attempted to relitigate issues already resolved. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Similarly, the District Court acted well within its discretion in denying as meritless plaintiffs' objections to Magistrate Judge Peebles's orders.[2]

---

[1] We do, however, view with skepticism the District Court's conclusion that all non-municipal defendants, including self-employed nurse case manager Sharon Eriksson, engaged in "state action" for purposes of § 1983. *Mullen et al. v. City of Syracuse et al.*, No. 5:10-cv-1110 (DNH), Dkt. 157 at 8-10 (N.D.N.Y. Aug. 5, 2013); *Vassenelli v. City of Syracuse et al.*, No. 5:10-cv-1422 (DNH), Dkt. 240 at 9-12 (N.D.N.Y. Aug. 5, 2013). Nevertheless, since the presence (or absence) of state action is not outcome-determinative here, nor was it before the District Court, we need not reach the issue.

[2] Because we affirm the District Court's finding that plaintiffs' objections were meritless, we need not reach the issue of whether they were timely filed.

## CONCLUSION

      We have considered all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's judgments and orders of February 4, 2013, May 28, 2013, August 5, 2013 and November 6, 2013.

      FOR THE COURT:
      Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5